UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRANCISCO JOSE BACA,

    Petitioner,

v.                                            Case No. 3:18cv452-RV-CJK

STATE OF FLORIDA,

    Respondent.

_____/

REPORT AND RECOMMENDATION

This cause is before the court on petitioner's filing a pleading titled "Notice to Stay to File Federal Habeas Corpus" (doc. 1). A case was opened under 28 U.S.C. § 2254; the pleading was docketed as a motion; and the matter was referred to the undersigned magistrate judge for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner's notice should be dismissed for lack of jurisdiction.

"Federal courts do not lightly grant relief in non-existent cases. Still less do they offer advisory opinions about what they might do if an action were filed." *United States v. Asakevich*, 810 F.3d 418, 420-21 (6th Cir. 2016) (holding that

prisoner could not ask the district court to grant an extension of time to file a motion to vacate his sentence under 28 U.S.C. § 2255, before a § 2255 motion was actually filed; the prisoner was seeking an advisory opinion concerning whether he could obtain an extension for a collateral proceeding not yet in existence); *see also Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that a federal court may grant an extension of time to file a § 2255 motion only if the moving party requests the extension "*upon or after filing* an actual section 2255 motion") (emphasis added); *Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014) ("Here, because Swichkow had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard. Thus, the district court properly concluded that it lacked jurisdiction to consider Swichkow's requests for an extension of time to file a § 2255 motion absent a formal request for habeas relief.").

Petitioner is asking the court to stay a proceeding not yet in existence. As this court lacks jurisdiction to rule on any procedural or substantive matters before an actual habeas petition is filed, this case should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. That petitioner's "Notice to Stay to File Federal Habeas Corpus" (doc. 1), docketed as a motion, be DENIED without prejudice.

2. That this case be DISMISSED for lack of jurisdiction.

3. That the clerk be directed to close the file and to send petitioner a § 2254 petition form.

At Pensacola, Florida this 26th day of March, 2018.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.